IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BROOKVILLE SCHOOLHOUSE
ROAD ESTATES, LLC                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO. 1:21-CV-135-SA-RP

CITY OF STARKVILLE AND
LYNN SPRUILL                                                                                            DEFENDANTS

ORDER

Brookville Schoolhouse Road Estates, LLC, initiated this action by filing a Verified Complaint [1] against the City of Starkville, Mississippi, and Lynn Spruill.[1] In addition, Brookville filed a Motion for Temporary Restraining Order and Preliminary and Permanent Injunction [3].

*Relevant Background*

According to the Complaint [1], Brookville owns and operates a federally subsidized multi-family housing complex, known as the Brookville Apartments or the Brookville Garden Apartments, in Starkville. Since the property, which "consists of more than 20 individual buildings," is a federally subsidized Class C multi-family property, it falls under the authority of the United States Department of Housing and Urban Development ("HUD"). [1] at p. 4. Brookville's claims, in large part, come from Mississippi Code Section 21-19-11(1), which provides in pertinent part:

> If, at such hearing, the governing authority shall adjudicate the property or parcel of land in its then condition to be a menace to the public health, safety and welfare of the community, the governing authority, if the owner does not do so himself, shall proceed to clean the land, by the use of municipal employees or by contract, by cutting grass and weeds; filling cisterns; removing rubbish, abandoned or dilapidated fences, outside toilets, abandoned or dilapidated buildings, slabs, personal property, which removal of personal property shall not be subject to the provisions of Section 21-39-21, and other debris; and draining cesspools and standing water therefrom. The governing authority may by resolution adjudicate

---

[1] Spruill is the Mayor of the City of Starkville; however, she has been sued in her individual capacity.

the actual cost of cleaning the property and may also impose a penalty not to exceed One Thousand Five Hundred Dollars ($1,500.00) or fifty percent (50%) of the actual cost, whichever is more.

MISS. CODE ANN. § 21-19-11(1).

Brookville further alleges that "[i]n early 2021, Mr. Simon Kim, Starkville's Community Development Director transmitted three (3) undated Notices related to Buildings 4, 5, and 8 at the Property. . . These Notices advised that on April 6, 2021, the Board of Aldermen would meet and determine whether [Buildings] 4, 5, and 8 at the Property were in such a state of uncleanliness as to be a menace to the public health, safety, and welfare of the community." [1] at p. 6. Brookville alleges that "[u]pon information and belief, the Board of Aldermen declared [Buildings] 4, 5, and 8 at the Property to be a menace pursuant to Miss. Code Ann. § 21-19-11." *Id*.

Brookville contends that, in accordance with the Board's determination that certain repairs should be made at the property, it retained a contractor—specifically, Doran Construction—to complete the necessary repairs to Buildings 4, 5, and 8. However, according to Brookville, on at least two occasions, Doran sought permits from the City of Starkville to complete the necessary repairs, but "[t]he City rejected the applications and refused to issue permits for this work. . . Upon information and belief, the City's rejection of the applications and refusal to issue permits [for] this work was at the direction of Ms. Spruill, or in conjunction with Ms. Spruill's expressed desires." *Id*. at p. 7. In addition, Brookville states that it has tried to communicate with Mayor Spruill in the past regarding its retention of a contractor and its desire to complete the repairs without the City getting involved, but that Mayor Spruill's intention is "to either punish this 'absentee landlord' or to attempt to acquire the Property herself. . . Ms. Spruill has used her position as Mayor of Starkville to her own personal ends, and this constitutes an express violation of her duty as a public servant." *Id*. at p. 8.

Brookville states that "the City persists in demanding demolition of the buildings, against the will of Brookville, and in violation of Brookville's protected rights. The City of Starkville has mobilized a crew and, according to the City's representative, is prepared to begin demolition 'immediately this week.'" *Id*. at p. 3. In its filings, Brookville makes clear that it is not seeking to challenge the Board's findings or determination that repairs should be made but, rather, only seeks "to exercise its right to comply and make the repairs — rights that are being unlawfully denied by the City of Starkville." *Id*.

In its Motion [3], Brookville seeks the following relief:

> Given the clear unlawful conduct of the Defendants, Brookville respectfully requests this Court issue a temporary restraining order and/or preliminary injunction: (1) enjoining Defendants from taking any action to enter upon and demolish or alter any building or structure within the Property until such time as the Court has made a determination upon the merits; (2) enjoining the City from taking any action to enter upon and demolish or alter any building or structure within the Property in order to allow Brookville to complete the required repairs at the property; and (3) any further relief to which Brookville may be entitled to at law or in equity. . . Brookville likewise requests this relief issue initially as a temporary restraining order without the necessity of a hearing; and if the Court deems a hearing to be necessary on a preliminary injunction, the Court schedule such a hearing at the earliest possible time.

[3] at p. 10.

*Analysis and Discussion*

As noted above, Brookville initially seeks a temporary restraining order "without the necessity of a hearing[.]" *Id*. At this time, the docket does not reflect that service of process has been completed as to the Defendants. Thus, the Court must construe Brookville's request as one for a temporary restraining order without notice. "A motion for a temporary restraining order must comply with Federal Rule of Civil Procedure 65(b)(1)[.]" *Davis v. Angelina College Bd. of Trustees*, 2017 WL 11472539, at *1 (E.D. Tex. Oct. 19, 2017).

In pertinent part, Rule 65(b)(1) provides:

**(1). *Issuing Without Notice*.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
    **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and**
    **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added).

Here, although Brookville has, throughout its filings, made allegations regarding the exigency of this matter, counsel for Brookville has not certified in writing efforts taken to give notice to all Defendants nor has counsel provided the Court with an explanation of why notice should not be required. The Court finds this to be fatal to Brookville's request for a temporary restraining order without notice. *See*, *e.g.*, *BMO Harris Bank N.A. v. Montana Farms, LLC, et al.*, N.D. Miss. Cause No. 1:18-CV-14-SA-DAS [Dkt. 18] ("Plaintiff's counsel has not certified in writing efforts taken to give notice to all Defendants, nor provided the court with an explanation of why notice should not be required, as directed by Rule 65(b)(1)(B). As Plaintiff has failed to meet the standard required by Rule 65, the TRO may not be granted *ex parte*."); *Camber Energy, Inc. v. Discover Growth Fund*, 2017 WL 1969682, at *2 (S.D. Tex. May 11, 2017) (denying motion for temporary restraining order and noting, among other things, that the plaintiff failed to comply with the notice requirements of Rule 65(b)(1)(B)); *Compucom Systems, Inc. v. WJ Global, LLC*, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying *without prejudice* plaintiff's request for temporary restraining order because the plaintiff had not "provided a written certification by its attorney regarding the efforts, if any, made to give notice to Defendant and the reasons why it should not be required to do so"). Because Brookville has not complied with Rule 65(b)(1)(B), the Court cannot grant an *ex parte* temporary restraining order.

*Conclusion*

For the reasons set forth above, the Court denies *without prejudice* Brookville's request for a temporary restraining order. The Court will hold in abeyance ruling on Brookville's Motion for Preliminary and Permanent Injunction pending proper service to all adverse parties.

SO ORDERED, this the 30th day of August, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE